United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN LEWIS HAYES,
Plaintiff,

v.

L. MACIAS, et al.,
Defendants.

Case No. 26-cv-00684-EKL

**ORDER OF DISMISSAL**

Plaintiff Kevin Hayes, a state prisoner, filed the instant *pro se* civil rights complaint under 42 U.S.C. § 1983. The Court previously screened his amended complaint and granted Plaintiff leave to amend. ECF No. 7. The second amended complaint is now before the Court for screening pursuant to 28 U.S.C. § 1915A. ECF No. 8. Based on the following reasons, the Court DISMISSES this matter without leave to amend.

**DISCUSSION**

**Standard of Review**

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed

United States District Court
Northern District of California

factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The Supreme Court has explained the "plausible on its face" standard of *Twombly* as follows: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Liability may be imposed on an individual defendant under Section 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633.

**Plaintiff's Allegations**

On January 8, 2025, Plaintiff was in an argument with his counselor, Defendant Macias, who was unprofessional and refused Plaintiff's request to speak to a supervisor. ECF No. 8 at 2-3. Plaintiff then filed a grievance against Defendant for being unprofessional and inexperienced and requested a new counselor. *Id.* The grievance was denied. *Id.* at 3.

On June 30, 2025, Plaintiff filed a grievance against Defendant because she interfered with his attempt to send a government claim by switching envelopes. *Id.* at 3. Plaintiff gave Defendant a large envelope and a small indigent envelope. *Id.* Plaintiff asked Defendant for tape so he could

affix the smaller indigent envelope to the larger envelope. *Id.* at 4. Defendant refused to retrieve the tape. *Id.* On July 14, 2025, the government form was returned from a different prison office and there was no smaller indigent envelope. *Id.* Instead, there was a different envelope used for internal prison mailings. *Id.* Plaintiff believes Defendant switched the envelopes in retaliation for the prior grievance. *Id.* As a result, his state appeals process was delayed. *Id.* at 5.

In August or September 2025, Plaintiff attended his classification hearing and learned he would be restricted from visiting with minors including his nephews and nieces. *Id.* at 5-6. He believed this was a mistake because he did not have a commitment offense against minors. *Id.* at 6. Defendant was at the hearing and stated that the restriction was always in his central file. *Id.* Plaintiff contends that this was a false statement and argues that Defendant placed the restriction in his central file as a form of retaliation for prior grievances. *Id.* at 6-7. Plaintiff attaches an exhibit to the complaint (ECF No. 8-1 at 23) from 2015, that states he was restricted from visiting with minors and his family, but he argues that this document was never in his file. ECF No. 8 at 7.

Defendant also told another inmate, who was Hispanic, that Plaintiff was in prison for kidnapping and rape. *Id.* at 8. Plaintiff is now in danger from other inmates. *Id.* at 9. Plaintiff asserts that he is not in danger from African American inmates because they know he was wrongfully convicted. *Id.*

**Analysis**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against a prisoner (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the prisoner's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted); *accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). Filing grievances is considered a protected First Amendment activity. *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003). The prisoner must show that the type of activity he was engaged in was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest. *Hines v. Gomez*, 108 F.3d

265, 267-68 (9th Cir. 1997) (inferring retaliatory motive from circumstantial evidence).

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id*. at 833; *Cortez v. Skol*, 776 F. 3d 1046, 1050 (9th Cir. 2015). The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id*. at 837.

In the prior screening orders, the Court informed Plaintiff that he must explain the significance of the different envelopes and describe how he knew Defendant changed the envelope due to prior grievances for his retaliation claim. As to the claim that Defendant changed information in his central file and told others about his conviction, the Court informed Plaintiff that he needed to provide more information indicating that Defendant was responsible and that he must describe how he was in danger from other inmates. The amended complaint and now the second amended complaint generally repeat the allegations from the original complaint and fail to address the issues noted by the Court.

Plaintiff has still not adequately explained how switching the envelopes qualifies as an adverse act. To the extent that switching the envelopes delayed mailing the government claim form, this allegation is contradicted by the exhibits. The exhibits indicate that the government form was returned because Plaintiff did not have sufficient funds and he needed to fill out a separate form. ECF No. 8 at 29, 34. Plaintiff has again failed to address this inconsistency.

Nor does Plaintiff provide additional allegations to state a claim that Defendant changed the information in his central file to restrict visits with minors or that Defendant told others that he was convicted of kidnapping and rape. Plaintiff again only states that Defendant was the only one who could have changed his file. However, Plaintiff includes exhibits from 2015, that reflect

effective from 2014, he was restricted from visiting with minors or his family. ECF No. 8-1 at 23. While Plaintiff may not have been aware of this restriction, he has not presented sufficient allegations that this classification form was forged by Defendant. With respect to his commitment offense, the language of his complaint indicates that Plaintiff was indeed convicted of kidnapping and rape, although he argues that it was a wrongful conviction. His exhibits also reflect that he was convicted of various rape counts. While Defendant could have placed Plaintiff in danger by informing others of his offenses, he again fails to present any allegations regarding how he was in danger. Simply stating that he was in danger without any support is insufficient. Plaintiff has failed to describe how Defendant disregarded an excessive risk to his safety and how he was in danger by others knowing of his commitment offenses.

Plaintiff was provided multiple opportunities to amend but still repeats the same allegations from his prior complaints and fails to address the issues noted by the Court. Therefore, this action is dismissed without leave to amend, because allowing additional amendment would be futile. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (district court may deny leave to amend where there have been repeated failures to cure deficiencies by amendment).

**CONCLUSION**

This action is DISMISSED with prejudice for failure to state a claim. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: November 9, 2026

Eumi K. Lee
United States District Judge